IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALICE HOLTON, <br><br> Plaintiff, <br><br> v. <br><br> THE BOEING COMPANY, <br><br> Defendant. | CIVIL ACTION <br><br> NO. 2:20-cv-00062-KSM |

**MEMORANDUM**

**MARSTON, J.**                                                                                                  **June 23, 2020**

      Plaintiff Alice Holton brings this action against Defendant The Boeing Company for the wrongful denial of benefits under the Employee Retirement Income Security Act ("ERISA"). Presently before the Court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons discussed below, the Court will grant Defendant's Motion and dismiss Plaintiff's Amended Complaint without prejudice.

I.

      Taken as true, the facts pled in the Amended Complaint are as follows.[1] Plaintiff worked for Defendant "for many years" at Defendant's facility in Ridley Park, Pennsylvania. (Doc. No. 14, ¶ 4.) At some point during her employment, Plaintiff became disabled due to a "work-related injury/disorder," and she became "totally and permanently disabled."[2] (*Id.* at ¶¶ 5, 9.) Due to the injury, Plaintiff was awarded workers' compensation benefits "for a number of years" until she

---

[1] Plaintiff's Amended Complaint is notably vague and lacking in detail. The Court's account of the pled facts is thus equally vague.

[2] It is unclear whether Plaintiff's "work-related injury/disorder" and her "total[] and permanent[] disab[ility]" are related.

retired. (*Id.* at ¶¶ 6–7.) Under the retirement plan that Defendant offered its employees, Plaintiff was entitled to "disability retirement benefits." (*Id.* at ¶¶ 10, 13.) At some unspecified time, Plaintiff demanded the retirement benefits, but Defendant denied Plaintiff's demand. (*Id.* at ¶ 12.)

In her Amended Complaint, Plaintiff asserts an ERISA claim against Defendant for denial of the retirement benefits. (Doc. No. 14.) Defendant moved to dismiss Plaintiff's Amended Complaint pursuant to Rule 12(b)(6). (Doc. No. 15.) Plaintiff filed a brief opposing Defendant's motion. (Doc. No. 21.)[3] Defendant's motion is now ripe for review.

II.

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). In deciding a motion to dismiss, "courts accept all factual allegations as true, [and] construe the complaint in the light most favorable to the plaintiff . . . ." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). While the court must accept well-pled factual allegations in the complaint as true, the court may disregard any legal conclusions. *Id.* at 210–11; *see also Iqbal*, 556 U.S. at 678.

"In deciding a motion to dismiss, the Court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record." *Crawford v. Citadel Broad. Corp.*, No. 3:12–0765, 2012 WL 3679755, at *3 (M.D. Pa. Aug. 24, 2012).

---

[3] Plaintiff's opposition brief was not timely filed. Pursuant to the Local Rules and this Court's Scheduling Order (Doc. No. 20, n.1), Plaintiff's brief was due by April 28, 2020. Plaintiff filed her brief on May 4, 2020. Nevertheless, the Court takes Plaintiff's brief into consideration.

2

III.

To bring an ERISA claim in federal court, the plaintiff must first exhaust the administrative remedies established by the retirement plan at issue. *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002) ("Except in limited circumstances . . . a federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." (internal quotations omitted)). The exception to this requirement is if the plaintiff shows that engaging in the full administrative process would be futile. *Id.* ("A plaintiff is excused from exhausting administrative procedures under ERISA if it would be futile to do so."). If the complaint does not show that the plaintiff exhausted her administrative remedies under the retirement plan, nor shows that it would be futile to do so, the court should dismiss the complaint. *See, e.g.*, *Bennett v. Prudential Ins. Co.*, 192 F. App'x 153, 156 (3d Cir. 2006) (affirming the district court's 12(b)(6) dismissal because it "is clear that [Plaintiff] has not availed himself of all of the Plan's available review procedures" and "there is no indication that [Plaintiff's] claim would be denied on appeal"); *Troy v. Chartwell Law Offices, LLP*, No. 16-961, 2016 WL 7042202, at *4–5 (E.D. Pa. Sept. 20, 2016); *Crawford*, 2012 WL 3679755, at *5.

Here, Plaintiff attaches the retirement "plan document" to the Amended Complaint as Exhibit A. (Doc. No. 14, ¶ 10, pp. 4–28). The plan document outlines the administrative process that a participant must complete before filing suit in district court. (*Id.* at pp. 23, 25, 26.) This administrative process includes submitting a claim for benefits and, within sixty days of receiving notice of the denial of benefits, appealing the denial to the "Joint Board." (*Id.* at p. 23.) Only after this appeals process is complete can a plan participant file suit in district court. (*Id.* ("You must proceed through the full claim and appeal process before pursuing other remedies.").)

In her Amended Complaint, Plaintiff does not plead any facts that show she exhausted her administrative remedies. Nothing in the Amended Complaint suggests that she proceeded through the requisite appeals process. Rather, Plaintiff simply pleads, "Despite demand, Defendant has refused to pay disability retirement benefits to Plaintiff." (*Id.* at ¶ 12.) But a "demand" for retirement benefits is insufficient, as the retirement plan requires Plaintiff to also have completed the administrative appeals process before filing this lawsuit. Nothing in the Amended Complaint allows even an inference that the requisite appeal occurred. Indeed, in her opposition brief, Plaintiff admits "it is unclear whether she has exhausted her administrative remedies." (Doc. No. 21, p. 2.) Moreover, Plaintiff does not indicate—either in her Amended Complaint or in her opposition brief—that completing the administrative appeals process would be futile.

Instead, Plaintiff argues that she needs the administrative record, which is in Defendant's control, to provide the factual allegations for her claim. (*Id.* at pp. 1–2, 6.) This argument is unavailing. The Court first notes that it is insufficient to file an inadequate pleading and justify it on the basis that subsequent discovery will allow the plaintiff to meet the pleading standard—rather, an adequate pleading must be provided at the time it is filed. Second, the retirement plan states that if a claim for benefits is denied, the claimant "will receive a written explanation of the reasons for the denial." (Doc. No. 14, p. 26.) Thus, accepting as true Plaintiff's allegations that Defendant "refused to pay . . . benefits to Plaintiff," she would have received a written explanation. (*Id.* at ¶ 12.) As such, Plaintiff should have at least some documentation without the need for discovery.

For these reasons, the Court finds that Plaintiff did not adequately plead that she exhausted her administrative remedies, as is required to pursue an ERISA claim in federal court.

*Harrow*, 279 F.3d at 249. Dismissal is thus warranted. As such, the Court need not address Defendant's alternative argument in its motion.

IV.

For the reasons discussed above, Plaintiff's Amended Complaint will be dismissed without prejudice. An appropriate order follows.